UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSE LEE ENGLAND,

        Plaintiff,                    Case Number 15-12818
                                            Honorable David M. Lawson
v.                                     Magistrate Judge Patricia T. Morris

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AFFIRMING THE FINDINGS
OF THE COMMISSIONER, AND DISMISSING COMPLAINT**

The plaintiff filed the present action on August 10, 2015 seeking review of the Commissioner's decision denying her claims for child's disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Patricia T. Morris pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and remand the case for further consideration by the administrative law judge. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Morris filed a report on July 11, 2016 recommending that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the decision of the Commissioner be affirmed. The plaintiff filed a timely document purporting to be objections to the report and recommendation, and the defendant filed a response. The matter is now before the Court.

The filing of timely objections to a report and recommendation requires the court to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties' submissions.

The plaintiff, who is now 25 years old, filed her applications for child's disability insurance and supplemental security income benefits on July 19, 2012, when she was 21. She finished high school but has never been regularly employed. In the application that is the subject of the present appeal, the plaintiff alleged a disability onset date of July 28, 2010. The plaintiff has been diagnosed with lupus, fibromyalgia, seizures, and post-traumatic stress disorder. She also had a shoulder injury that was corrected by surgery, and a history of opioid abuse.

The plaintiff's application for disability benefits was denied initially on November 21, 2012. The plaintiff timely filed a request for an administrative hearing, and on January 14, 2014, the plaintiff appeared before Administrative Law Judge (ALJ) David A. Mason, Jr. On February 28, 2014, ALJ Mason issued a written decision in which he found that the plaintiff was not disabled. On June 12, 2015, the Appeals Council denied the plaintiff's request for review of the ALJ's decision. The plaintiff filed her complaint seeking judicial review on August 10, 2015.

-2-

The ALJ acknowledged that, under section 202(d) of the Social Security Act, in order to receive child's insurance benefits the claimant must show that she has a disability that began before the age of 22. ALJ Mason reached his conclusion that the plaintiff was not disabled by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920. He found that the plaintiff had not engaged in substantial gainful activity since July 28, 2010 (step one); the plaintiff suffered from lupus, fibromyalgia, seizures, and post-traumatic stress disorder, and she had a history of surgical shoulder injury repair and opioid abuse, impairments which were "severe" within the meaning of the Social Security Act (step two); none of those impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff had no past relevant work experience (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations: (1) the work must be limited to simple, routine, repetitive tasks in a work environment free of fast-paced production requirements and requiring only simple work-related decisions, with few or no changes in work setting; (2) the plaintiff must have only occasional contact with co-workers, supervisors, and the general public; (3) she may be off-task for a total of five minutes per hour outside of break and meal periods, for a total of 8% of a normal work shift; (4) she can climb ramps and stairs only occasionally and never can climb ropes or scaffolds; (5) she can balance, stoop, kneel, crouch, and crawl only occasionally; (6) she must have no exposure to "dangerous hazards," dangerous moving machinery, or unprotected heights; (7) she must have no concentrated exposure to temperature extremes, humidity, dampness, cold, heat, fumes, dusts, odors, or gases, and cannot work in poorly ventilated areas; (8) she could not perform any overhead

reaching with her right arm; and (9) she must be required no more than "frequently" to use her hands for grasping and fingering, to use her right hand for pushing or pulling, or to reach in any direction with her right arm. A vocational expert testified that the plaintiff could perform unskilled light work such as packager and assembler, and that there are 450,000 jobs in those occupations in the national economy. Based on those findings and using Medical Vocational Rule 202.20 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act.

The crux of the dispute is the ALJ's determination that the severity of the plaintiff's symptoms and limitations are not as disabling as she claims, and that there is a substantial disconnect between the plaintiff's own reports and the medical evidence in the record. In her challenge to the ALJ's decision, the plaintiff raised four arguments in her motion for summary judgment: (1) the ALJ (whom plaintiff's counsel identified as "the magistrate") failed to give proper weight to the opinions of treating physician Dr. David Vallance; (2) the ALJ improperly discounted Ms. England's reports of pain, fatigue, memory loss, and other symptoms of fibromyalgia and lupus, concluding that they were not disabling; (3) the ALJ did not properly account for Ms. England's mental impairments, which caused moderate limitations in her concentration, persistence, or pace ("CPP"); and (4) the ALJ did not sufficiently account for England's concentration limitations.

The magistrate judge addressed each of these arguments thoroughly, making explicit references to the administrative record and citing the appropriate law. The plaintiff's purported objections take issue with none of the magistrate judge's determinations, observations, or conclusions. Instead, the objections are nothing more than a verbatim, cut-and-paste repetition of the plaintiff's brief in support of her motion for summary judgment.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985).  As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'"  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

Objections that are "merely recitations of the identical arguments that were before the magistrate judge" do not constitute "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  *See Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).  As the *Owens* court explained:

> This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, *see, e.g., Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (recitations of nearly identical arguments are insufficient as objections and constitute an improper "second bite at the apple"), and such objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources, *see, e.g., Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991).  *See also Nickelson v. Warden,* No. 1:11-cv-334, 2012 WL 700827, at *4 (S.D. Ohio Mar.1, 2012) ("[O]bjections to magistrate judges' reports and recommendations are not meant to be simply a vehicle to rehash arguments set forth in the petition.").  Therefore, after a *de novo* review of the record, the Court incorporates the magistrate judge's analysis of Plaintiff's restated arguments . . . and adopts the R & R as the opinion of the Court.

*Ibid.* (footnote omitted).

Likewise, in this case, because the plaintiff has not pointed to any part of the magistrate judge's analysis that is erroneous, and has merely restated — word-for-word — her summary

-5-

judgment arguments, and because the Court agrees with the magistrate judge's disposition of those arguments, the Court will adopt the report and recommendation as the opinion of the Court.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching her conclusion.  The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #22] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #23] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #17] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #20] is **GRANTED**.  The findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 13, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI